IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAASHEANA QUINN, § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-3983 |
| § | |
| MAURICE MILLER, § | |
|    Defendant. § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Reconsideration and/or New Trial ("Motion to Reconsider") [Doc. # 18] filed by Plaintiff Taasheana Quinn, to which Defendant Maurice Miller filed a Response [Doc. # 20]. Plaintiff neither filed a reply nor requested additional time to do so. Having reviewed the full record and applied governing legal authorities, the Court **denies** the Motion to Reconsider without prejudice to Plaintiff's refiled lawsuit, 4:11cv1667.

Plaintiff filed this lawsuit alleging that Defendant failed to stop for a stop sign and, as a result of his negligence, injured Plaintiff and her minor child. Defendant filed a Rule 12 Motion seeking, *inter alia*, dismissal of this lawsuit for insufficient service of process. By Order [Doc. # 13] entered April 18, 2011, Plaintiff Taasheana Quinn was directed to file any opposition to Defendant's Motion by April 26, 2011. Plaintiff was cautioned that failure to comply with the Order would result in the

Motion being granted. Plaintiff neither filed an opposition to the Motion nor requested an extension of time to comply with the Court's Order. By Dismissal Order [Doc. # 14] entered April 29, 2011, the Court dismissed this lawsuit without prejudice for insufficient service.

Later that same day, Plaintiff filed a Motion for Leave to File First Amended Complaint ("Motion to Amend") [Doc. # 15]. The motion failed to include either a Certificate of Service or a Certificate of Conference. Consequently, by Order [Doc. # 17] entered May 19, 2011, the Court struck the Motion to Amend.[1]

Also on April 29, 2011, approximately ten minutes after filing the Motion to Amend in this case, Plaintiff filed a new lawsuit, Civil Action No. 4:11cv1667. That case remains pending.

On May 27, 2011, Plaintiff filed the Motion to Reconsider.[2] A motion to reconsider a prior ruling "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763

---

[1] In the Motion to Reconsider, Plaintiff states that the Court "denied the Amended Complaint as being three days late." *See* Motion to Reconsider, ¶ 11. The basis for this assertion is unclear, as the Order states specifically that the Motion to Amend was "stricken" as a result of its lacking both a Certificate of Service and a Certificate of Conference. *See* Order [Doc. # 17].

[2] Plaintiff does not cite any legal authority for his request for reconsideration. Because it was filed within 28 days after entry of the Dismissal Order, the Court will construe the Motion to Reconsider as filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

(5th Cir. 2005). This motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

Plaintiff's counsel asserts that because of "computer problems or clerical errors" he failed to comply with the Court's April 18, 2011 Order [Doc. # 13] directing Plaintiff to file by April 26, 2011, either a response to Defendant's motion to dismiss or an Amended Complaint addressing the issues raised in the motion. Counsel's "computer problems or clerical errors" – he apparently has not managed to determine which – are not an adequate basis for reconsideration of the Dismissal Order. They do not establish a manifest error of law or fact by the Court but are, instead, "garden-variety attorney inattention." *See Lowrey v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000); *see also Cato v. Thompson*, 118 F. App'x 93, 96 (7th Cir. Nov. 30, 2004) (noting that lack of diligence by the attorney does not fall within the definition of manifest error of law or fact).

Moreover, Plaintiff still has not presented evidence that Defendant has been properly served with the summons and complaint in this case – the basis for dismissal of the lawsuit. Accordingly, it is hereby

**ORDERED** that the Motion to Reconsider [Doc. # 18] is **DENIED** without prejudice to the lawsuit pending as 4:11cv1667.

SIGNED at Houston, Texas, this **15th** day of **June, 2011**.

_____
Nancy F. Atlas
United States District Judge